IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FIRSTBANK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:24-cv-522-ECM |
| ) | [WO] |
| WELLS FARGO BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

After Plaintiff Built Right Construction, LLC ("Built Right") mailed a check for $86,450 to one of its regular vendors, Cornerstone Detention Products, Inc. ("Cornerstone"), bad actors intercepted the check. Those bad actors then created a corporate entity, Defendant Cornerstone Detention Products Management, LLC ("CDPM"), and fraudulently deposited the check into its account at Defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1] Plaintiff FirstBank, Built Right's bank and the issuer of the check, soon learned of the fraud and, for months, sought reimbursement from Wells Fargo. When Wells Fargo refused to reimburse FirstBank, the Plaintiffs brought the instant action asserting the following claims against Wells Fargo: breach of UCC presentment warranty; negligence;[2] fraud; conspiracy to commit fraud and aiding and abetting fraud; wantonness;

---

[1] The Clerk of the Court entered default against CDPM on April 18, 2025. (Doc. 49). CDPM has yet to participate in this litigation, and this Opinion focuses solely on Wells Fargo.

[2] The Plaintiffs bring two negligence claims against Wells Fargo in Counts II and III. Count II focuses on Wells Fargo, while Count III alleges that CDPM was negligent, and that Wells Fargo acted in concert with and approved CDPM's actions.

negligent hiring, training, supervision, and retention; conversion; unjust enrichment; and bad faith refusal to honor warranty. (*See* doc. 21 at 28–50).

Wells Fargo moved to dismiss all claims except breach of UCC presentment warranty. (Doc. 28). Its arguments can be categorized into three buckets: (1) that all of the Plaintiffs' common law claims are displaced by Alabama's UCC; (2) that it is protected under Ala. Code § 7-3-404 because it acted honestly and in good faith; and (3) that the Plaintiffs generally fail to allege facts which plausibly support their claims. (*See generally id.*). The Plaintiffs respond that dismissal at this stage would be inappropriate. (*See* docs. 34, 40). As to Wells Fargo's displacement argument, the Plaintiffs assert that South Dakota law, which embodies a different standard for displacement than Alabama law, applies. They next assert that Ala. Code § 7-3-404 does not apply and, even if it did, Wells Fargo's assertion that it acted honestly and in good faith is an invalid basis for dismissal. Finally, the Plaintiffs point the Court to specific factual allegations in the operative complaint which they claim are sufficient to state a plausible claim for relief on each count. The Court addresses each of Wells Fargo's arguments in turn.

**Displacement**

Wells Fargo's argument that the Plaintiffs' common law claims are displaced by the UCC cannot be addressed without first determining which state's UCC applies—Alabama,

as Wells Fargo claims, or South Dakota, as the Plaintiffs claim.[3] This is because Alabama's standard for displacement by the UCC, *see Sparks v. Total Body Essential Nutrition, Inc.*, 27 So. 3d 489, 494 (Ala. 2009) (stating that "displacement of a common-law rule under the UCC does *not* require an unequivocal, explicit reference to the common-law rule" being displaced (emphasis added)), is different from South Dakota's, *see Maryott v. First Nat'l Bank of Eden*, 624 N.W.2d 96, 103 (S.D. 2001) (recognizing that "common-law is effective in commercial transactions unless *specifically* displaced" by a provision of the UCC (emphasis added)), and could therefore prove dispositive. However, "courts generally construe a choice of law analysis as inappropriate at the motion to dismiss stage," *Tufts v. Hay*, 2018 WL 11249187, at *2 (M.D. Fla. Aug. 10, 2018), "given the fact intensive inquiry required to determine the applicable law," *Viera v. Basf Catalysts LLC*, 2016 WL 1394333, at *1 n.2 (M.D. Fla. Apr. 8, 2016).

Here, the Court finds that the fact necessary to make a choice of law determination—how the check was deposited—is not clear on the face of the operative complaint. The only allegation as to the check's deposit is that it occurred in the Middle District of Alabama. The operative complaint says nothing about the means by which the check was deposited, i.e., whether it was deposited online with Wells Fargo by an

---

[3] Both Alabama and South Dakota law provide: "The liability of a bank for action or non-action with respect to an item handled by it for purposes of presentment, payment, or collection is governed by the law of the place where the bank is located. In the case of action or nonaction by or at a branch or separate office of a bank, its liability is governed by the law of the place where the branch or separate office is located." Ala. Code § 7-4-102; SDCL § 57A-4-102. Accordingly, the Court would have to determine whether the check was deposited with Wells Fargo virtually (in which case South Dakota law might apply, as Wells Fargo is based in South Dakota), or in person at an Alabama Wells Fargo branch (in which case Alabama law might apply, as Alabama would be the place where the branch is located).

3

individual who, at the time, was located in the Middle District, or whether it was deposited in person at an Alabama Wells Fargo branch. Because this undetermined fact is salient and disputed, the Court will not engage in a choice of law analysis at this stage in the proceedings. Accordingly, to the extent Wells Fargo's motion relies on Alabama's UCC displacing the common law, it is due to be denied.

### Ala. Code § 7-3-404

"If [] a person whose intent determines to whom an instrument is payable . . . does not intend the person identified as payee to have any interest in the instrument . . . [a]n indorsement by any person in the name of the payee stated in the instrument is effective as the indorsement of the payee in favor of a person who, *in good faith* . . . takes it for value or for collection." Ala. Code § 7-3-404(b) (emphasis added). Wells Fargo contends that it "acted with honesty, thereby acting in good faith, when accepting the check for deposit to an account in a name substantially similar to the payee." (Doc. 28 at 7). The Plaintiffs respond that Wells Fargo's assertion "is inappropriate for this Court to consider" at this stage as the operative complaint "contains allegations that, if true, would support a finding that Wells Fargo acted neither honestly nor in good faith." (Doc. 34 at 2–3).

Accepting the Plaintiffs' factual allegations as true and drawing all reasonable inferences in the light most favorable to them, the Court finds dismissal on this ground would be inappropriate at the motion to dismiss stage. The Plaintiffs make numerous allegations that Wells Fargo did not act in good faith. For example, they allege Wells Fargo "accepted a large, unendorsed check for deposit" from a "brand-new customer" whose

4

account "bore substantial indicia of fraud due to discrepancies in the customer's publicly filed documents[,] the backgrounds of its organizers," and the fact that the "check pre-dated both the customer's formation and the opening of the customer's Wells Fargo account." (*Id.* at 3 (citing doc. 21 at 9–12, paras. 28–42)). Wells Fargo's mere assertion that it acted in good faith is insufficient, particularly at this stage, to overcome the Plaintiffs' well pled factual allegations of bad faith. Accordingly, to the extent Wells Fargo's motion is based on Ala Code. § 7-3-404, it is due to be denied.[4]

**Failure to state a claim**

Finally, Wells Fargo argues that the Plaintiffs fail to plead sufficient facts which plausibly support their claims in Counts II–X. To the extent this argument is not infected by Wells Fargo's other arguments surrounding the UCC displacing these claims and Ala. Code § 7-3-404 insulating it from liability, the Plaintiffs respond by pointing the Court to specific factual allegations in the operative complaint which support their claims, and caselaw which supports the argument that their specific factual allegations are sufficient.

The Court has thoroughly reviewed the operative complaint, the parties' briefing, and relevant caselaw. Accepting the Plaintiffs' well pled factual allegations as true and drawing all reasonable inferences in the light most favorable to them, the Court finds that dismissal of Counts II–X at this stage would be inappropriate. The Plaintiffs have stated

---

[4] The Court acknowledges that the Plaintiffs dispute the applicability of Ala. Code § 7-3-404 to these facts altogether. (*See* doc. 34 at 5–7). But because the Plaintiffs' allegations are sufficient to demonstrate Wells Fargo did not act in good faith even if Ala. Code § 7-3-404 did apply, the Court assumes without deciding that the provision is applicable in this circumstance.

5

plausible claims for relief, and, accordingly, Wells Fargo's motion is due to be denied.

For the reasons stated above, and for good cause, it is

ORDERED that Wells Fargo's motion to dismiss (doc. 28) is DENIED.

DONE this 22nd day of August, 2025.

                                          /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE